UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN GARZA, TRICIA GARZA,
BRADLY DUFFMAN and LEVI
SAMMET,

      CASE NO.:

    Plaintiffs,

vs.

SMART COMMUNICATION
SYSTEMS, LLC, MADOVIS
COMMUNICATIONS, INC., d/b/a
LSB Utility Construction and PAVEL
POP-BUIA, Individually,

    Defendants.              /

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiffs, STEVEN GARZA, TRICIA GARZA, BRADLY DUFFMAN and LEVI SAMMET (collectively as "Plaintiffs") bring this action against Defendants, SMART COMMUNICATION SYSTEMS, LLC, (hereinafter as "SMART"), MADOVIS COMMUNICATIONS, INC., d/b/a LSB Utility Construction (hereinafter as "LSB") and PAVEL POP-BUIA, Individually (hereinafter as "POP-BUIA") (collectively referred to as "Defendants")  for unpaid minimum wage compensation, overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and for unpaid wages and expenses under Section 448.08, Florida Statutes.

**JURISDICTION AND VENUE**

1.    This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

2. This Court has supplemental jurisdiction over Plaintiffs' claims for unpaid wages pursuant to 28 U.S.C. § 1367(a) because these claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as Plaintiffs' minimum wage and overtime claims.

3. Defendants conduct business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## INTRODUCTION

4. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

5. Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

6. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

7. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in

the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

8. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

9. Defendants have violated and continue to violate the FLSA by misclassifying Plaintiffs and other individuals as "independent contractors" and refusing to pay them FLSA-mandated premiums as a result.

10. Misclassification of employees as independent contractors deprives employees of access to "critical benefits and protections they are entitled to by law, such as minimum wage, overtime compensation, family and medical leave, unemployment insurance, and safe workplaces." *See* http://www.dol.gov/whd/workers/misclassification/.

11. "Employee misclassification generates substantial losses to the federal government and state governments in the form of lower tax revenues, as well as to state unemployment insurance and workers' compensation funds." *Id.*

12. Alternatively, if in fact Plaintiffs were independent contractors, Defendants deprived them of proper wages under Florida law.

## PARTIES

13. Defendant, SMART, a Florida Limited Liability Company, is a company with a principal address located at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572. *See* Division of Corporations document attached as **Exhibit A**.

14. Defendant, LSB (owned and operated by MADOVIS COMMUNICATIONS, INC.), is a Florida Profit Corporation with a principal address located at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572. *See* Division of Corporations documents attached as **Exhibit B.**

15. POP-BUI is the Registered Agent and Officer/Director of SMART. *See* **Exhibit A**.

16. Madalina Niculai is the Registered Agent and Officer/Director of LSB. *See* **Exhibit B**.

17. Madalina Niculai and is the mother of POP-BUI.

18. At all times relevant to this action, POP-BUI was an individual resident of the State of Florida, who owned and/or operated SMART, and who regularly exercised the authority to: (a) hire and fire employees of SMART; (b) determine the work and pay schedules for the employees of SMART; (c) control the finances and operations of SMART; and (d) was responsible for the overall business operations of SMART.

19. At all times relevant to this action, POP-BUI was an individual resident of the State of Florida, who owned and/or operated LSB, and who regularly exercised the authority to: (a) hire and fire employees of LSB; (b) determine the work and pay schedules for the employees of LSB; (c) control the finances and operations of LSB; and (d) was responsible for the overall business operations of LSB.

20. Plaintiff, STEVEN GARZA, was employed by Defendants as a salary paid VP of Construction from on or around January 2017 through October 30, 2020.

21. Plaintiff, TRICIA GARZA, was employed by Defendants as a salary paid Project Coordinator from on or around January 2017 through October 30, 2020.

22. Plaintiff, BRADLEY DUFFMAN-GARZA, was employed by Defendants as a salary paid Project Manager from on or around January 2017 through October 30, 2020.

23. Plaintiff, LEVI SAMMETT, was employed by Defendants as a salary paid Drop Manager from on or around January 2017 through October 30, 2020.

## COVERAGE

24. At all material times during the last three years, Defendant, SMART was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203 (s).

25. At all material times during the last three years, Defendant, LSB was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203 (s).

26. At all material times, Defendants SMART and LSB have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times material, Defendants SMART and LSB have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. construction machinery and equipment, cellular phones, computers, and/or office supplies).

28. Therefore, Defendants SMART and LSB operate as a joint enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## GENERAL ALLEGATIONS

29. Defendant, SMART, is a company classified as a construction company.

30. Defendant, LSB, is a company classified as a construction company.

31. Defendants SMART and LSB each provide construction services.

32. Defendants, SMART and LSB perform related activities, through a unified operation or common control, and for a common business purpose.

33. Defendants SMART and LSB share corporate officers.

34. Defendants SMART and LSB share common senior management.

35. Defendants SMART and LSB share employees and contract workers.

36. Defendants SMART and LSB utilize the same vendors.

37. SMART and LSB shared bank accounts.

38. SMART had access to LSB financial/bank accounts.

39. Defendants were joint "employers" of Plaintiffs within the meaning of the FLSA.

40. Together Defendants control and supervise their workers and also have the power to determine their rates of pay and to hire/contract/fire them.

41. Defendants share a common corporate office or headquarters.

42. SMART and LSB share the same principal address of 6417 Grenada Island Avenue, Apollo Beach, Florida 33572. *See* **Exhibits A & B**.

43. POP-BUI also operates out of the same location as SMART and LSB, at 6417 Grenada Island Avenue, Apollo Beach, Florida 33572. *See* **Exhibit C**.

44. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

45. Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

46. The economic reality is that Plaintiffs were economically dependent upon Defendants.

47. Plaintiffs worked exclusively for Defendants from 2017 to 2020.

48. Defendants controlled Plaintiffs' job duties and pay.

49. Defendants instructed Plaintiffs with respect to which customers and/or projects to service.

50. Defendants assigned the jobs to Plaintiffs.

51. Plaintiffs could not deny a job assignment without Defendants' express permission.

52. Defendants maintained exclusive control over the compensation received by Plaintiffs.

53. Defendants controlled the method and manner of Plaintiffs' work.

54. Plaintiffs could not reject servicing certain customers in their assigned jobs.

55. Plaintiffs could not negotiate higher or lower rates with Defendants' customers.

56. Plaintiffs did not bid on Defendants' jobs.

57. Defendants' customers paid Defendants directly for the work performed by Plaintiffs.

58. Plaintiffs were expected to wear a uniform, including hats and shirts, bearing LSB's name and logo.

59. Plaintiffs were provided personal business cards with the LSB name and logo on them.

60. SMART paid for the personal business cards provided to Plaintiffs.

61. POP-BUI provided Plaintiff, STEVEN GARZA, with a SMART company credit card in order to purchase items related to LSB and SMART jobs.

62. Plaintiffs received IRS Form-1099s with SMART as the payer.

63. Plaintiff, STEVEN GARZA, earned a weekly salary of $3,000.00, in exchange For work performed as a VP of Construction for Defendants from on or around January 2017 through October 30, 2020.

64. Plaintiff, TRICIA GARZA, earned a weekly salary of $1,200.00 in exchange for work performed as a Project Coordinator for Defendants from on or around January 2017 through October 30, 2020.

65. Plaintiff, BRADLEY DUFFMAN-GARZA, earned a weekly salary of $1,200.00 in exchange for work performed as a Project Manager for Defendants from on or around January 2017 through October 30, 2020.

66. Plaintiff, LEVI SAMMETT, earned a weekly salary of $1,200.00 in exchange for work performed as a Drop Manager for Defendants from on or around January 2017 through October 30, 2020.

67. Plaintiffs, STEVEN GARZA, TRICIA GARZA and LEVI SAMMET did not receive any compensation whatsoever from Defendants from on or around September 19, 2020 to October 30, 2020.

68. Plaintiff, BRADLY DUFFMAN, did not receive any compensation whatsoever from Defendants from on or around September 11, 2020 to October 30, 2020.

69. As a result of Defendants' failure to pay Plaintiffs any compensation during these workweeks, Plaintiffs were deprived of proper wages under Florida law.

70. As a result of Defendants failure to pay Plaintiffs any compensation during these workweeks, Plaintiffs did not earn at least the statutory minimum wage for all hours worked for Defendants contrary to the FLSA.

71. As a result of Defendants failure to pay Plaintiffs any compensation during these workweeks, Plaintiffs did not earn proper overtime compensation for all of the hours that they worked over forty (40) per workweek contrary to the FLSA.

72. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiffs.

73. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

74. Defendants acted willfully in failing to pay Plaintiffs in accordance with the law.

75. Defendants failed to maintain proper time records as mandated by law.

76. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

### **COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

77. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-76 above.

78. Plaintiffs, STEVEN GARZA, TRICIA GARZA and LEVI SAMMET did not receive any compensation whatsoever from Defendants from on or around September 19, 2020 to October 30, 2020.

79. Plaintiffs, STEVEN GARZA, TRICIA GARZA and LEVI SAMMET worked more than forty (40) hours per week from on or around September 19, 2020 to October 30, 2020.

80. Plaintiff, BRADLY DUFFMAN, did not receive any compensation

whatsoever from Defendants from on or around September 11, 2020 to October 30, 2020.

81. Plaintiff, BRADLY DUFFMAN, worked more than forty (40) hours per week from on or around September 11, 2020 to October 30, 2020.

82. As a result of Defendants failure to pay Plaintiffs any compensation whatsoever during the workweeks reflected hereto, Plaintiffs were deprived of proper overtime pay under the FLSA.

83. During the workweeks reflected hereto, Plaintiffs were entitled to be paid time and one-half compensation for each hour worked in excess of forty (40) per workweek.

84. Defendants had knowledge of the overtime hours worked by Plaintiffs.

85. Defendants are aware of the laws which require employees be paid overtime compensation on a week by week basis.

86. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

87. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper overtime wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

88. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

89. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants;

    a. Awarding Plaintiffs overtime compensation in the amount due to them for the

time worked in excess of forty (40) hours per workweek reflected hereto;

b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

**COUNT II - RECOVERY OF MINIMUM WAGES (FLSA)**

90. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-76 above.

91. Plaintiffs were entitled to earn the statutory minimum wage rate for all hours worked per week while employed by Defendants.

92. Plaintiffs were entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendants pursuant to 29 C.F.R. 778.5.

93. Defendants failed to compensate Plaintiffs at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

94. Defendants were aware of the laws which required employees be paid at least the statutory minimum wage for all hours worked per workweek.

95. Despite their knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

96. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

97. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

98. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

99. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants;

   a. Awarding Plaintiffs their unpaid minimum wages;

   b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

   d. Ordering any other further relief the Court deems just and proper.

### COUNT III - RECOVERY OF UNPAID SALARY WAGES AND EXPENSES (Fla. Stat. 448.08)

100. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-76 above.

101. Plaintiffs performed work for SMART and LSB pursuant to the terms of an oral contract under which Plaintiffs were to be paid a weekly salary for work performed on behalf of SMART and LSB.

102. SMART and LSB were obligated to make payment to Plaintiffs under the terms of the parties' agreements.

103. Specifically, SMART and LSB hired Plaintiffs and agreed to pay them each a weekly salary in exchange for work performed.

104. SMART and LSB paid Plaintiff, BRADLY DUFFMAN, the agreed to

weekly salary from on or around January 2017 through September 10, 2020.

105. SMART and LSB failed to make seven (7) weekly salary payments of $1,200.00 to Plaintiff, BRADLY DUFFMAN, for a total of $8,400.00, for work performed during the period of September 11, 2020 to October 30, 2020.

106. SMART and LSB paid Plaintiffs, STEVEN GARZA, TRICIA GARZA and LEVI SAMMET, the agreed to weekly salary amounts from on or around January 2017 through September 18, 2020.

107. SMART and LSB failed to make six (6) weekly salary payments of $1,200.00 to Plaintiff, TRICIA GARZA, for a total of $7,200.00 in unpaid wages, for work performed during the period of September 19, 2020 to October 30, 2020.

108. SMART and LSB failed to make six (6) weekly salary payments of $1,200.00 to Plaintiff, LEVI SAMMET, for a total of $7,200.00 in unpaid wages, for work performed during the period of September 19, 2020 to October 30, 2020.

109. SMART and LSB failed to make six (6) weekly salary payments of $3,000.00 to Plaintiff, STEVEN GARZA, for a total of $18,000.00 in unpaid wages, for work performed during the period of September 19, 2020 to October 30, 2020.

110. SMART and LSB also owe Plaintiff, BRADLY DUFFMAN, $1,027.89 in unreimbursed out-of-pocket expenses related to SMART and LSB.

111. SMART and LSB also owe Plaintiffs prejudgment interest, together with attorneys' fees and costs under Section 448.08, Florida Statutes.

112. Plaintiffs have demanded that SMART and LSB pay the earned salary/wages and unreimbursed expenses, and SMART and LSB have not done so, requiring this lawsuit.

113. Plaintiffs have been damaged by SMART and LSB's willful failure to pay

these amounts that they owe to Plaintiffs, and so Plaintiffs are entitled to an award of money damages.

WHEREFORE, Plaintiffs request a judgment entered in their favor and against SMART, LSB and POP-BUIA for actual damages, as well as interest, costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 2/3/2021

Respectfully submitted by,

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
*Trial Attorneys for Plaintiffs*